UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SECURITIES AND EXCHANGE COMMISSION,**
801 Brickell Avenue, Ste. 1800
Miami, FL 33131

      **Plaintiff,**

      v.                                                                                     CASE NO.:
                                                                                               1:12-cv-01052-ROBERTS
**AMMB CONSULTANT SENDIRIAN BERHAD**
P.O. Box 10233
Kuala Lumpur, Malaysia
N8  50200
      **Defendant.**
_____/

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO AMMB CONSULTANT SENDIRIAN BERHAD

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant AMMB Consultant Sendirian Berhad ("AMC"). In its Complaint, the Commission seeks, among other relief against AMC, a permanent injunction: to prohibit violations of Sections 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(2), 80b-6(4), and Advisers Act Rule 206(4)-7, 17 C.F.R. § 275.206(4)-7, Section 15(c) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-15(c); and to prohibit AMC from breaching the fiduciary duty imposed by Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b). In addition, the Commission seeks an order providing for disgorgement, and the imposition of a civil money penalty pursuant to Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e), and Section 42(e) of the Investment Company Act, 15 U.S.C. § 80a-41(e).

AMC, by the attached Consent, having entered a general appearance, waived service of a summons and the Complaint, and acknowledged and consented to the Court's jurisdiction over it and over the subject matter of this action, has consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to AMC ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  This Court having accepted AMC's Consent, and having jurisdiction over AMC and the subject matter of this action:

### I.

### VIOLATION OF SECTION 206(2) OF THE ADVISERS ACT

**IT IS ORDERED AND ADJUDGED** that AMC and AMC's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of the Advisers Act  by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

### II.

### VIOLATION OF SECTION 206(4) OF THE ADVISERS ACT
### AND RULE 206(4)-7 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that AMC and AMC's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently

restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act and Rule 206(4)-7, by using the mails or any means or instrumentality of interstate commerce to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative, including, providing investment advice to clients and failing to adopt, implement, and review written policies and procedures reasonably designed to prevent violations, by it or its supervised persons, of the Advisers Act and the rules that the Commission has adopted under the Advisers Act.

### III.

### VIOLATION OF SECTION 15(c) OF THE INVESTMENT COMPANY ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that AMC and AMC's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 15(c) of the Investment Company Act, by failing to furnish such information as may reasonably be necessary to evaluate the terms of any contract whereby AMC undertakes regularly to serve or act as investment adviser of a registered investment company.

### IV.

### BREACH OF FIDUCIARY DUTY UNDER SECTION 36(b)
### OF THE INVESTMENT COMPANY ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that AMC and AMC's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from engaging in any act or practice constituting a breach of fiduciary

duty within the meaning of Section 36(b) of the Investment Company Act with respect to the receipt of compensation for services, or of payments of a material nature to AMC, or any affiliated person of AMC, by a registered investment company for which AMC serves or acts as investment adviser.

V.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that AMC is liable for disgorgement of $1,383,750, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $250,000 pursuant to Section 209(e) of the Advisers Act and Section 42(e) of the Investment Company Act.  AMC shall satisfy this obligation by paying $1,633,750 within 21 days after entry of this Final Judgment by wire transfer, certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying AMC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  AMC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Edward D. McCutcheon at the following address: Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. AMC shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

With the exception of funds obtained form a corporate parent or affiliate of AMC, AMC shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that AMC pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  AMC shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that AMC pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that AMC shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____, 2012           _____
                                       **HON. RICHARD W. ROBERTS**
                                       **UNITED STATES DISTRICT JUDGE**